# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

June 8, 2010

RE: CHARLES MELTON V. COMMONWEALTH OF PA, ETAL
CA No. 09-3815

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Rueter, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: LINDA V. JERRY, Deputy Clerk

cc: MELTON
GLEBE

Courtroom Deputy to Judge Surrick

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES MELTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | NO. 09-3815 |
| PENNSYLVANIA, et al. | : | |

## REPORT AND RECOMMENDATION

THOMAS J. RUETER  
Chief United States Magistrate Judge

June 7, 2010

Presently before the court is a <u>pro se</u> petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1). For the reasons stated below, this court recommends that the petition be dismissed for lack of jurisdiction because petitioner was not in "custody" at the time he filed his petition.

I.  **BACKGROUND**

On the night of May 17, 2003, petitioner was arrested after he attempted to assault a Philadelphia police officer with his automobile. In February, 2004, petitioner was tried without a jury in the Philadelphia Court of Common Pleas. The trial court found petitioner guilty of simple assault, recklessly endangering another person, and possessing an instrument of crime. On April 7, 2004, the court sentenced petitioner to an aggregate term of two years reporting probation.

Petitioner filed an appeal to the Superior Court of Pennsylvania. The Superior Court affirmed the judgment of sentence on February 21, 2006. <u>Commonwealth v. Melton</u>, No. 1247 EDA

2004 (Pa. Super. Ct. Feb. 21, 2006). It does not appear that petitioner sought leave to appeal to the Pennsylvania Supreme Court.

Petitioner then filed a petition for collateral relief, pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. On January 31, 2007, the PCRA court dismissed the petition without a hearing. Petitioner appealed to the Superior Court which affirmed. Commonwealth v. Melton, 953 A.2d 835 (Pa. Super. Ct. 2008) (Table). Petitioner's request for allocatur was denied. Commonwealth v. Melton, 956 A.2d 433 (Pa. 2008) (Table).

On August 17, 2009, petitioner filed his petition for a writ of habeas corpus with this court, raising several grounds for relief. On February 19, 2010, the District Attorney for Philadelphia County responded to the petition.

I.  **DISCUSSION**

The federal habeas statute grants jurisdiction to the United States District Courts to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); Maleng v. Cook, 490 U.S. 488, 490 (1989). As the Third Circuit stated: "[F]or a federal court to have jurisdiction, a petitioner must be in custody under the conviction he is attacking at the time the habeas petition is filed." Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003) (emphasis added). See also United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3d Cir. 1971) ("[T]he sine qua non of federal habeas corpus jurisdiction is that petitioner be 'in custody.'"), cert. denied, 409 U.S. 853 (1972).

The custody requirement of 28 U.S.C. § 2254(a), has been expanded to include not only incarceration, but terms of probation and parole. Barry v. Brower, 864 F.2d 294, 296 (3d Cir. 1988). However, if the probationary sentence has fully expired, a person is not "in custody" for purposes of Section 2254. Id.; Obado, 328 F.3d at 718. Furthermore, neither the possibility of collateral consequences nor the existence of an outstanding fine or restitution are themselves sufficient to render a person "in custody" for the purpose of habeas relief. Maleng, 490 U.S. at 491-92; Obado, 328 F.3d at 718 n.2.

In the instant case, petitioner was sentenced on April 7, 2004 to two years of probation with no period of incarceration. Petitioner's probationary sentence ended on or about April 9, 2006, at which time he was no longer "in custody" for purposes of habeas corpus jurisdiction.[1] Petitioner did not file his petition for a writ of habeas corpus until August 19, 2009, over three years after his probationary sentence fully ended. Thus, this court does not have subject matter jurisdiction over the habeas corpus petition, and, therefore, it must be dismissed. See Massey v. Brooks, 2007 WL 3231702, at *1 (E.D. Pa. Oct. 29, 2007) (Robreno, J.) (dismissing habeas petition because sentence was fully completed before petitioner filed his petition for writ of habeas corpus).

## III. CONCLUSION

Accordingly, the court makes the following:

## RECOMMENDATION

---

[1] By letter dated May 21, 2010, the court requested that by June 4, 2010, the parties provide information as to the date petitioner's probationary term ended. The Respondent stated that it believed it ended on April 9, 2006. The petitioner did not respond to the court's letter.

3

AND NOW, this 7th day of June, 2010, the court respectfully recommends that the petition for a writ of habeas corpus be **DISMISSED**, and that no certificate of appealability ("COA") be granted.[2]

The petitioner may file objections to the Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge

---

[2] The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES MELTON | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA, et al. | : | NO. 09-3815 |

### ORDER

AND NOW, this     day of           , 2010, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of Thomas J. Rueter, Chief United States Magistrate Judge, it is hereby

**ORDERED**

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The petition for a writ of habeas corpus is **DISMISSED**; and

3. A certificate of appealability is <u>not</u> granted.

BY THE COURT:

_____
R. BARCLAY SURRICK,         J.